**Jermaine WASHINGTON, Appellant,**

v.

**DISTRICT OF COLUMBIA, Appellee.**

No. 09–CT–1216.

District of Columbia Court of Appeals.

Argued Sept. 13, 2012.

Decided Oct. 25, 2012.

Paul J. Riley, Philadelphia, PA, for appellant.

John J. Woykovsky, Assistant Attorney General, with whom Irvin B. Nathan, Attorney General for the District of Columbia, Todd S. Kim, Solicitor General, Rosalyn Calbert Groce, Deputy Solicitor General, and Christine L. Gephardt, Spe-

cial Assistant Attorney General, were on the brief, for appellee.

Before WASHINGTON, Chief Judge, BLACKBURNE–RIGSBY, Associate Judge, and REID, Senior Judge.

BLACKBURNE–RIGSBY, Associate Judge:

In this appeal, we are asked to consider whether the Office of Attorney General (OAG) for the District of Columbia should have been allowed to prosecute two charges against appellant, Jermaine Washington, that had earlier been dismissed with prejudice in a case prosecuted by the United States Attorney's Office for the District of Columbia (USAO) for failure to bring appellant to trial within the time period required by the Interstate Agreement on Detainers (IAD), D.C.Code § 24–801 (2001).[1] We conclude that the OAG's re-prosecution of the charges was improper. Therefore we reverse and remand with instructions to the trial court to vacate appellant's convictions for reckless driving and leaving after colliding—personal injury.[2]

## I.

Appellant was involved in a police chase on November 3, 2005. Maryland State Police and Montgomery County Police pursued appellant from Maryland into the District of Columbia where officers of the Metropolitan Police Department respond-ed to a radio dispatch to assist. During the chase, appellant failed to obey traffic signals and drove at speeds well over the posted limits, ran a red light, and collided with another vehicle, injuring the driver and passenger. After the collision appellant continued driving for a short distance and then lost control of his vehicle, driving off the road and into a fence. As a result of those events, the USAO and the OAG, unbeknownst to each other, initiated two separate cases against appellant before two different judges in the Superior Court of the District of Columbia.

The case prosecuted by the USAO included charges of receiving stolen property, unauthorized use of a vehicle, two counts of destroying property, reckless driving, and leaving after colliding—personal injury.[3] When appellant failed to appear for his arraignment in Superior Court because he was incarcerated in Maryland, the USAO lodged a detainer, notifying appellant that he was facing charges in the District of Columbia. Appellant invoked his speedy trial rights under the IAD, D.C.Code § 24–801 art. III(a), and was later brought to the District of Columbia to answer the charges filed against him by the USAO. Appellant's defense counsel made a motion to dismiss based on the USAO's failure to bring appellant to trial within 180 days as required by the IAD. The government conceded the motion, and the charges were dismissed with prejudice.

---

1. The charges in question are reckless driving, D.C.Code § 50–2201.04(b) (2001), and leaving after colliding—personal injury, D.C.Code § 50–2201.05(a)(1) (2001). The case prosecuted by the USAO also included charges of receiving stolen property, D.C.Code §§ 22–3232(a) and –3232(c)(1) (2001); unauthorized use of a vehicle, D.C.Code § 22–3215 (2001); and two counts of destroying property, D.C.Code § 22–303 (2001). Those charges were not included in the OAG's prosecution and are not the subject of this appeal.

2. In the case prosecuted by the OAG, appellant was also convicted of two additional charges: leaving after colliding—property damage, D.C.Code § 50–2201.05(a)(1) (2001), and operating a motor vehicle without a permit, D.C.Code § 50–1401.01(d) (2001), but he does not appeal those convictions.

3. In violation of D.C.Code §§ 22–3232(a) and –3232(c)(1) (2001); D.C.Code § 22–3215 (2001); D.C.Code § 22–303 (2001); D.C.Code § 50–2201.04 (2001); and D.C.Code § 50–2201.05(a)(1) (2001), respectively.

At the same time, the case prosecuted by the OAG, which included charges of reckless driving, leaving after colliding—personal injury, leaving after colliding—property damage, and operating a motor vehicle without a permit,[4] was also proceeding before a different judge in Superior Court. Appellant's defense counsel made a motion to dismiss the OAG's charges of reckless driving and leaving after colliding—personal injury, based on the earlier dismissal with prejudice of those same charges in the case prosecuted by the USAO. The trial court denied the motion, saying "where the District of Columbia has indicated from day one literally its intention to prosecute reckless driving and leaving after colliding ... [i]t's my view, although I can certainly see why someone would resolve it differently, that the dismissal of the U.S. charges under those conditions does not preclude the District of Columbia charges from going forward." Appellant was found guilty on all of the charges, and this appeal followed.

## II.

Prosecuting authority for crimes committed in the District of Columbia is bifurcated. *United States v. Bailey*, 495 A.2d 756, 760 n. 10 (D.C.1985). The OAG (formerly the District of Columbia Office of the Corporation Counsel) prosecutes only certain minor crimes and the USAO for the District of Columbia prosecutes most other criminal violations, including felonies. *Id.;* D.C.Code § 23–101 (2001).[5] Offenses prosecutable by the District of Columbia (OAG) and the United States (USAO) may be joined for trial if the offenses could have been joined in the same indictment. D.C.Code § 23–101(e). Such prosecution may be conducted solely by the OAG or the USAO if the other prosecuting authority consents. *Id.*

■ As occurred in this case, the defendant was unavailable to face the charges against him in the District of Columbia because he was incarcerated in Maryland. One way to obtain custody of a person incarcerated in another jurisdiction is to file a detainer,[6] which, when "filed with the institution in which a prisoner is serving a sentence, advis[es] that he is wanted to face pending criminal charges in another jurisdiction." *United States v. Mauro*, 436 U.S. 340, 359, 98 S.Ct. 1834, 56 L.Ed.2d 329 (1978) (citations omitted). The institution then holds the prisoner after his release or notifies the agency that filed the detainer when release of the prisoner is imminent, allowing the jurisdiction where charges are pending to obtain custody of the prisoner. *See Carchman v. Nash*, 473 U.S. 716, 719, 105 S.Ct. 3401, 87 L.Ed.2d 516 (1985). Prior to the enactment of the

---

4. In violation of D.C.Code § 50–2201.04 (2001); D.C.Code § 50–2201.05(a)(1) (2001); D.C.Code § 50–2201.05(a)(1) (2001); and D.C.Code § 50–1401.01(d) (2001), respectively.

5. D.C.Code § 23–101 provides in part:
 (a) Prosecutions for violations of all police or municipal ordinances or regulations and for violations of all penal statutes in the nature of police or municipal regulations, where the maximum punishment is a fine only, or imprisonment not exceeding one year, shall be conducted in the name of the District of Columbia by the Corporation Counsel for the District of Columbia ...

(c) All other criminal prosecutions shall be conducted in the name of the United States by the United States attorney for the District of Columbia ...

6. Another way to obtain custody is through a writ of habeas corpus *ad prosequendum*—"a writ commanding the immediate removal of a prisoner from incarceration so that he or she may be transferred into the jurisdiction from which the writ issued to stand trial on charges for crimes committed within that jurisdiction." *Grant v. United States*, 856 A.2d 1131, 1135 (D.C.2004).

IAD, prisoners could not initiate legal proceedings to resolve detainers based upon charges pending in jurisdictions other than the jurisdiction of their incarceration. *See Bailey, supra*, 495 A.2d at 758 (citing H.R.Rᴇᴘ. No. 91–1018, at 2 (1970); S.Rᴇᴘ. No. 91–1356, at 2 (1970)). This inability made it difficult for prisoners to secure speedy trials, negatively impacted their ability to participate in rehabilitation programs, and led to numerous other negative consequences. *See Grant, supra* note 6, 856 A.2d at 1133. The IAD was designed to address these problems. *See Mauro, supra*, 436 U.S. at 349–51, 98 S.Ct. 1834.

 The IAD is an interstate compact "enacted into law and entered into by the United States on its own behalf and on behalf of the District of Columbia" as "States" for purposes of the agreement. 18 U.S.C. app. 2, § 2 (2006); D.C.Code § 24–801. "[T]he IAD encourages expeditious disposition of charges and establishes cooperative procedures among party States." *Grant, supra* note 6, 856 A.2d at 1133. Under the IAD, there are "two alternate and distinct mechanisms by which a prisoner against whom a detainer has been filed can be transferred to a second jurisdiction for expedited disposition of the outstanding charges." *Felix v. United States*, 508 A.2d 101, 104 (D.C. 1986). The mechanism utilized by appellant allows a prisoner "to file a request for final disposition of outstanding charges related to a detainer, after which request the prisoner must be brought to trial in the receiving jurisdiction within one hundred and eighty days from the date the request was made unless the court grants a contin-

uance for 'good cause.'" *Grant, supra* note 6, 856 A.2d at 1133–34; D.C.Code § 24–801 art. III(a).[7] The USAO failed to bring appellant to trial within 180 days and the charges were dismissed by the trial court with prejudice as required by the IAD. D.C.Code § 24–801 art. V(c). Despite the dismissal with prejudice in the case filed by the USAO, the OAG continued its prosecution of the two duplicated charges of reckless driving and leaving after colliding—personal injury.

The OAG argues that its ability to prosecute its case was not affected by the dismissal with prejudice of the charges prosecuted by the USAO, because the OAG never consented to the USAO's prosecution of the D.C.Code charges for reckless driving and leaving after colliding—personal injury, which would normally be handled by the OAG. We are unpersuaded by this argument. The OAG has never suggested that it would have withheld consent for the USAO to prosecute the charges in question had the USAO made a request. In fact, at oral argument, counsel for the OAG admitted that they would have given consent to the USAO had the USAO asked.

 Detainers under the IAD are lodged on the basis of untried indictments, informations, or complaints in a party "State." D.C.Code § 24–801 art. III(a). When a detainer is based on D.C.Code charges prosecuted by the USAO, the District of Columbia is the party "State." *See Bailey, supra*, 495 A.2d at 759–64 (rejecting argument that the District of Columbia's status as a "State" under the

---

7. The other mechanism "established by the IAD allows a prosecutor to initiate final disposition of the charges connected with a detainer by filing with the state penal institution where the defendant is incarcerated a request for a transfer of custody to the jurisdiction where the charges are pending." *Grant, supra* note 6, 856 A.2d at 1134. "In such a

case, the prisoner must be brought to trial within one hundred and twenty days of his or her physical arrival in the receiving jurisdiction, again subject to any necessary or reasonable continuance granted by the court for good cause." *Id.;* D.C.Code § 24–801 art. IV(c).

IAD is limited to cases prosecuted by the OAG). When appellant requested a speedy trial under the IAD, he reasonably relied on the accuracy of the detainer and expected that any disposition of the charges contained therein would be a final resolution in the District of Columbia. *See* D.C.Code § 24–801 art. III(d); *Grant, supra* note 6, 856 A.2d at 1139 (noting that the charges on the basis of which a detainer has been lodged are subject to the IAD's time limits). The unique status of the District of Columbia—having multiple prosecuting offices with some overlapping authority—should not mean that the party "State" of the District of Columbia gets multiple "bites" at the proverbial "apple" under the IAD. A dismissal with prejudice for violation of the IAD time limitations is "a prophylactic measure designed to induce compliance in other cases." *McBride v. United States,* 393 A.2d 123, 129 (D.C.1978). Allowing the OAG to re-prosecute charges that have been dismissed with prejudice due to the USAO's failure to bring defendant to trial within the time limitations set by the IAD would undercut the statute's purpose of inducing compliance in future cases.

Therefore, the time limitations set forth in the IAD apply to all D.C.Code charges "on the basis of which a detainer has been lodged," regardless of which prosecuting authority ultimately brings those charges to trial.[8] D.C.Code § 24–801 art. V(c). Further, after a dismissal with prejudice pursuant to the IAD in the Superior Court of the District of Columbia, the same charges arising out of the same course of events may not be re-charged by either prosecuting authority.

### III.

Accordingly, appellant's convictions for reckless driving, D.C.Code § 50–2201.04 (2001), and leaving after colliding—personal injury, D.C.Code § 50–2201.05(a)(1) (2001), are reversed and we remand this case to the trial court to vacate those convictions.

*So ordered.*

**8.** Even jurisdictions that allow prosecution of charges related to those which have been dismissed with prejudice under the IAD do not allow for re-prosecution, after filing of a new complaint, of the exact same charges that were the subject of an earlier detainer. *See Grant, supra* note 6, 856 A.2d at 1140 n. 10. We have similarly disallowed re-prosecution of identical charges, but have not yet decided, and need not reach now, the question of whether other charges pending when the detainer is lodged are covered by the IAD. *See Parker v. United States,* 590 A.2d 504, 507–508 (D.C.1991) (affirming dismissal of only identical charges after a superseding indictment was obtained that contained two charges identical to earlier indictment on which detainer was based as well as three unrelated charges).